UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS JOSE GOMEZ,                    :

        Petitioner,                 :    Civil Action No. 14-1400 (SRC)

        v.                                       :

JOHN TSOUKARIS, et al.,               :    **MEMORANDUM OPINION AND ORDER**

        Respondents.              :

IT IS APPEARING THAT:

1. Petitioner is a native and citizen of Ecuador whose application for withholding of removal is currently pending before an immigration judge. See ECF No. 1, at 1. "On January 7, 2014 [he] plead guilty to criminal mischief," pursuant to a New York penal statute, "and was sentenced [to] ninety . . . days [of] incarceration." Id. at 6. On March 5, 2014, he filed the § 2241 Petition at bar alleging that, sometime in "January 2014, he was detained by [the Department of Homeland Security ("DHS")] officers" and, as of now, is being held "at the Hudson Detention Center[, at] Kearney, New Jersey" in connection with his immigration proceedings. See id. at 1-2, 7.[1] The Petition details the facts underlying Petitioner's application for withholding of removal, maintains that the sole basis for his current detention is 8 U.S.C. § 1226(a) and seeks either his immediate release or a bond hearing before an immigration judge. See ECF No. 1, at 1, 5-6.

2. The Petition is silent as to whether Petitioner was afforded

> a so-called Joseph hearing pursuant to In re Joseph, 22 I. & N. Dec. 799 (BIA 1999), . . . [or whether] he actually sought a Joseph hearing [or whether he was] denied release on bond [after having a Joseph hearing]. A Joseph hearing "is immediately provided to a detainee who claims that he is not

---

[1] Since the Petition asserts that Petitioner was sentenced to a three-month penal term in New York, it appears that, in January 2014, the DHS merely lodged a detainer against him.

covered by § 1226(c)." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003). "At [a Joseph] hearing, the detainee [has an opportunity to] demonstrate[e, before an immigration judge,] that he is not an alien, was not convicted of the predicate crime, or that the Government is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Id.

Munoz v. Lospinuso, 537 F. App'x 32, 33-34 and n.2 (3d Cir. 2013) (footnoted text incorporated into the main text). The Petition is also silent as to why Petitioner neither sought mandamus relief from the court of appropriate jurisdiction (if a Joseph hearing was denied) nor appealed denial of release on bond (if a Joseph hearing took place but release was denied) to the appropriate entity and, instead, filed the Petition within.[2]

IT IS, therefore, on this ___7___ day of ___April___, 2014,

ORDERED that Respondent's reply shall detail Petitioner's Joseph hearing history, if any; and it is further

ORDERED that Respondents' application for extension of time to reply to this Court's order to show cause is granted. In light of this Court's directive to detail Petitioner's Joseph hearing history, Respondent's reply shall: (a) address this Court's jurisdiction to hear this

---

[2] "[A]n [immigration judge's] failure to conduct such a hearing entitle[s] the alien to seek mandamus relief from the *circuit court* having jurisdiction over the [immigration judge]." McKenzie v. Aviles, No. 12-0201, 2012 U.S. Dist. LEXIS 35910, at *6, n.4 (D.N.J. Mar. 16, 2012) (emphasis supplied; see also 8 C.F.R. § 236.1(d)(3) (an immigration judge's decision in the Joseph hearing is appealable to the Board of Immigration Appeals). Moreover, to the extent Petitioner's discussion of the facts underlying his application for withholding of removal meant to seek this Court's ruling or opinion as to grant or denial of an immigration remedy, such issue falls outside this Court's jurisdiction. Section 1252(g), as amended by the REAL ID Act, Pub L. No. 109-13, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of, inter alia, removal matters. See Chehazeh v. AG of the United States, 666 F.3d 118, 134 (3d Cir. 2012) (relying on Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Finally, to the extent Petitioner is seeking an outright release, such remedy is not appropriate in § 2241 matters commenced by pre-removal-order detainees. See Hany El Sayed v. Holder, No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *12-13 (D.N.J. Feb. 9, 2012) ("[A]n alien held in the [DHS] custody during the time which cannot qualify as the alien's removal period has no basis to raise Zadvydas [v. Davis, 533 U.S. 678 (2001),] challenges (and, correspondingly, no basis to seek outright release); rather, that alien could raise habeas claims seeking a qualitatively different habeas relief, i.e., a remedy in the form of a bond hearing") (internal quotation marks omitted).

matter; and (b) be filed and served upon Petitioner by close of business on April 18, 2014; and it is further

ORDERED that Petitioner shall file and serve his traverse by close of business on May 2, 2014. Petitioner's traverse shall address both this Court's jurisdiction and substantive basis to grant a quasi-mandamus relief or to issue a quasi-appellate ruling; and it is finally

ORDERED that Respondents may, if they so desire, file and serve their sur-reply by close of business on May 9, 2014.

STANLEY R. CHESLER,
**United States District Judge**